REDMANN, Judge,
dissenting in part.
Although the subcontract provides that “[acceptance of all work shall be subject to approval by the contractor [Chimney] and James F. Fondren, Landscape Architect,” the “Landscape Specifications” provide for “provisional acceptance” by “Landscape Architect” alone. Furthermore, the “provisional acceptance” of successor subcontractor Perino’s work was signed by Fondren alone, expressly purporting to start the one-year guarantee period for Perino. The conclusion seems reasonable that, although Chimney had to join in acceptance of Harris’s work, the landscape architect alone could grant provisional acceptance.
There is sufficient support in the record for the trial judge to conclude, as he did, that the work was basically completed, and properly provisionally accepted, by May 10, 1976, although a five-page “punch list” required replacement of many plants. The one-year replacement obligation thus would extend only until May 10, 1977. Because the plant loss over 14.5 months was $2,254.75 and plaintiff was only responsible for 12 of those 14.5 months, defendant should get $1,866.00 credit for that plant loss (12/14.5 of $2,254.75), as well as $4,345.58 credit for the cost of replacement of plants on the June 22, 1976 punch list, replaced by Perino under contract of Au *68 gust 20, 1976. Thus total credit should be $6,211.58.
The reasonable basis for the conclusion that the May 10, 1976 provisional acceptance by Bethune was correct and authorized includes Fondren’s own April 13 letter, speaking of his “final comprehensive punch list inspection.” From that list, it must be inferred that all the planting had been done (although many plants were characterized as unhealthy, dying, or dead, and some had been marred by paint). Moreover, Bethune appears to have been the member of Fon-dren’s staff who was principally responsible for this project from design to punch list. More important than the letter of May 10 is that from the testimony it could be inferred that in fact the planting part of the contract was completed by May 10 (although responsibility to replace unhealthy or dead plants continued for a year thereafter, and some plants were already unhealthy or dead by May 10).
There should be judgment for plaintiff for $516.37 ($6,727.95 — $6,211.58), with costs divided equally.